**JAMES S. TERRELL (SBN: 170409)**
**Law Office of JAMES S. TERRELL**
**15411 Anacapa Road**
**Victorville, California 92392**
**E-mail: jim@talktoterrell.com**

**SHARON J. BRUNNER, (SBN: 229931)**
**Law Office of SHARON J. BRUNNER**
**14393 Park Avenue, Suite 100**
**Victorville, CA 92392**
**E-mail: sharonjbrunner@yahoo.com**


**Attorneys for Plaintiff**
**DAVID JOSEPH SILVA**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


| | |
|---|---|
| **Plaintiff,** | **Case No.: 5:22-cv-1609** |
| **DAVID JOSEPH SILVA** | |
| **Vs.** | **COMPLAINT FOR DAMAGES** |
| **COUNTY OF SAN BERNARDINO,** | 1. **Fourth Amendment –** |
| **DEPUTY ROGER ALFARO, and** | **Excessive Force (42 U.S.C.** |
| **DOES-10, Inclusive.** | **1983)** |
| **Defendants.** | 2. **Battery** |
| | 3. **Negligence** |
| | 4. **Negligent Infliction of** |
| | **Emotional Distress** |
| | 5. **Violation of Cal. Civil Code §** |
| | **52.1** |
| | **[DEMAND FOR JURY TRIAL]** |

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the

United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth

Amendments of the United States Constitution. This Court has supplemental

jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §

1367(a), because those claims are so related to the federal claims that they form

part of the same case or controversy under Article III of the United States

Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because

Defendants reside in this district and all incidents, events, and occurrences giving

rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive

damages from Defendants for violating various rights under the United States

Constitution and state law in connection with this officer-involved shooting of

Plaintiff on July 28, 2021.

# PARTIES

4.      At all relevant times, **DAVID JOSEPH SILVA** ("PLAINTIFF")

was an individual residing in the County of San Bernardino, California.

5.      At all relevant times, Defendant **County of San Bernardino ("**COUNTY")

is and was a municipal corporation existing under the laws of the State of

California. COUNTY is a chartered subdivision of the State of California with the

capacity to be sued. COUNTY is responsible for the actions, omissions, policies,

procedures, practices, and customs of its various agents and agencies, including the

San Bernardino Sheriff's Department ("SBSD") and its agents and employees.

6.      At all relevant times, Defendant COUNTY was responsible for assuring that

the actions, omissions, policies, procedures, practices, and customs of the and its

employees and agents complied with the laws of the United States and of the State

of California. At all relevant times, COUNTY was the employer of Defendants

Deputy Roger Alfaro and DOES 1-10.

7.      Defendant **DEPUTY ROGER ALFARO** ("ALFARO") is and was at all

times herein mentioned a Deputy employed by Defendant COUNTY OF SAN

BERNARDINO. He is being sued in his individual capacity and in his official

capacity as a Deputy for the COUNTY.

8.      On information and belief, DOES 1-10 were residents of the COUNTY of

Colton, County of San Bernardino.

9.      In doing the acts and failing and omitting to act as hereinafter

described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants COUNTY and DOES 6-10.

10.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

11.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

12.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.    Plaintiff repeats and re-alleges each and every allegation in

paragraphs 1 through 12 of this Complaint with the same force and effect as if

fully set forth herein.

14.     This incident occurred on July 28, 2021 at approximately 8:30p.m.

p.m. in the COUNTY of SAN BERNARDINO.

15.     Plaintiff DAVID SILVA was operating a vehicle in the County of San

Bernardino at approximately 8:30 p.m. on July 28, 2021, when Defendant Deputy

ALFARO activated his emergency lights to conduct a traffic stop on Plaintiff

SILVA.

16.     Plaintiff SILVA did not yield to the traffic stop.    A pursuit ensued with

Defendant Deputy ALFARO chasing Plaintiff SILVA approximately three miles.

17.     Plaintiff SILVA crashed the vehicle that he was operating into a utility pole

at the intersection of Fairway Ave. and Sperry Drive, in the city of Colton, County

of San Bernardino.

18.     The collision with the utility pole immobilized the vehicle. The vehicle

never moved and Plaintiff SILVA was inside the vehicle.

19.     Defendant Deputy ALFARO  immediately started shooting his service

weapon at SILVA who was inside the  immobilized vehicle.  ALFARO decided to

use deadly force. Plaintiff SILVA posed no danger to Defendant ALFARO.

ALFARO did not evaluate the situation, he just started shooting.

20.     Based upon information and belief, ALFARO did not access the situation,

he began to shoot. No warning, no attempt to deescalate the situation, no

immediate danger, ALFARO used deadly force.

21.     ALFARO did not give commands or notice that he was going to shoot SILVA. ALFARO did not seek cover. ALFARO, nor did he see any weapon that would indicate that ALFARO was in danger.

22.     The instantaneous firing of his weapon resulted in SILVA being shot in the foot. ALFARO's bullet was lodged in SILVA's right foot. It is believed entered the back of SIVA's ankle, fractured his Tibia, along with multiple bones it stopped near the top pod SILVA's foot.

23.     PLAINTIFF has had two or three surgeries and it is believed future surgeries will be necessary.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)
(Against Defendants **Plaintiff Against ALFARO and Does 1-10**)

24.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     Defendants Deputy ALFARO used excessive force against PLAINTIFF  when he shot him. ALFARO's unjustified use of force deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth

Amendment.

26.     Defendant ALFARO acted under color of law.

27.     As a result of the foregoing, PLAINTIFF suffered great physical pain

and emotional distress, loss of use of his right ankle and foot, and loss of his

earning capacity.

28.     The conduct of Defendants was willful, wanton, malicious, and done with

reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants

the imposition of exemplary and punitive damages as to Defendant ALFARO.

29.     The shooting was excessive and unreasonable, and SILVA posed

no immediate threat of death or serious bodily injury at the time of the shooting.

Further, Defendants ALFARO's shooting and use of force violated their training

and standard police officer training.

30.      PLAINTIFF brings this claim suffering, emotional distress, loss of use of

his hand, loss of the use of his hand, and loss of enjoyment of life, for the violation

of PLAINTIFF's rights. PLAINTIFF also seeks attorney's fees under this claim.

### SECOND CLAIM FOR RELIEF
**Battery**
(Against Defendants ALFARO and Does 1-10)

31.     Plaintiff repeats and re-alleges each and every allegation in

paragraphs 1 through 30 of this Complaint with the same force and effect as if fully

set forth herein.

32.     Named Defendants and DOE DEPUTIES 1-10, acting within the course and scope of his duties, intentionally shot PLAINTIFF and used unreasonable and excessive force against him. The use of excessive force on PLAINTIFF SILVA was intentional battery. Plaintiff does suffer emotional injury after being shot by Deputy ALFARO.As a result of the actions of Named Defendants ALFARO and DOE DEPUTIES 1-10, PLAINTIFF suffered and continuous to suffer from his injuries. Defendants DOE DEPUTIES had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as Deputies was an unreasonable and non-privileged use of force.

33.     As a direct and proximate result of the conduct of Defendants DOE DEPUTIES as alleged above, PLAINTIFF sustained permanent injuries and endured pain and suffering and emotional harm.

34.     COUNTY is vicariously liable for the wrongful acts of Defendants ALFARO and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

35.         The conduct of Defendants DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF and PLAINTIFF, entitling PLAINTIFF, individually and as to an

award of exemplary and punitive damages as to Individual Defendants ALFARO and DOE DEPUTIES 1-10.

### THIRD CLAIM FOR RELIEF
**Negligence**
(Against all Defendants Including ALFARO)

36.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.     Police DEPUTIES, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

38.     Named defendants and Does 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE DEPUTIES 1-5 and DOES 6-10 were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

(b) the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly

force, against PLAINTIFF;

(d) the failure to provide prompt medical care to PLAINTIFF;

39.     As a direct and proximate result of Defendants' conduct as alleged

above, and other undiscovered negligent conduct, PLAINTIFF suffered physical

pain and suffering. Also as a direct and proximate result of Defendants' conduct as

alleged above, PLAINTIFF suffered emotional distress and mental anguish.

40.     COUNTY is vicariously liable for the wrongful acts of Defendants

ALFARO and DOE DEPUTIES pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act

would subject him or her to liability.


### FOURTH CLAIM FOR RELIEF
**(Negligent Infliction of Emotional Distress)**
(Against ALFARO)

41.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

through 40 of this Complaint with the same force and effect as if fully

set forth herein.

42.     Defendant ALFARO breached his duty of care by using deadly force on

PLAINTIFF SILVA. PLAINTIFF SILVA sustained physical and emotional injury

by Defendant ALFARO using excessive force without provocation.

43.     Defendant Deputy ALFARO's conduct was negligent.

44.     Defendant Deputy ALFARO knew that shooting an unarmed and non-threatening individual would cause emotional harm.

45.     Plaintiff does suffer emotional injuries after being shot by Deputy ALFARO.

46.     COUNTY is vicariously liable for the wrongful acts of Defendants ALFARO and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**FIFTH CLAIM FOR RELIEF**
**(Violation of Cal. Civil Code § 52.1)**
(Against all Defendant ALFARO)

47.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

48.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

49.     Conduct that violates the Fourth Amendment violates the Bane Act.

50.     On information and belief, Defendant ALFARO, representing the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence against PLAINTIFF, including shooting him without justification or

excuse, integrally participating in failing to intervene in the above violence and by denying him necessary medical care. Defendants' actions thus deprived PLAINTIFF of his right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.

51.     On information and belief, Defendants also retaliated against PLAINTIFF in response to his action of failing to stop/yield for a traffic stop.

52.     On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

53.     On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants Deputy ALFARO were intended to discourage him from exercising his civil rights, to retaliate against him for invoking such rights, which PLAINTIFF was fully entitled to enjoy.

54.     Defendant's above-described conduct, while acting within the course and scope of their duties for the COUNTY, constituted interreference, and attempted interreference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and state of California, in violation of California Civil Code § 52.1.

55.     The conduct of Defendants was a substantial factor in causing PLAINTIFF'S harms, losses, injuries, and damages.

56.     COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY ALFARO pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

57.     Defendants are vicariously liable under California Law and the doctrine of *respondeat superior*.

58.     The conduct of Defendants DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

///

///

///

///

///

///

///

**WHEREFORE, Plaintiff prays for relief as hereinafter set forth.**

## PRAYER FOR RELIEF

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For Punitive damages (not as to COUNTY) in a sum according to proof;

4. For reasonable attorneys' fees pursuant to 42 U.S.C. 1983 § 1983;

5. For statutory civil penalties

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: _9/12/2022_____        LAW OFFICES OF JAMES S. TERRELL

_____/s/James S. Terrell_____

James S. Terrell
Attorney for Plaintiff

Dated: _9/12/2022____        LAW OFFICES OF SHARON J. BRUNNER

_____/s/Sharon J. Brunner___

Sharon J. Brunner
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.



Dated: 9/12/2022        LAW OFFICES OF JAMES S. TERRELL


_____*James S. Terrell*_____

James S. Terrell
Attorney for Plaintiff


Dated: 9/12/2022        LAW OFFICES OF SHARON J. BRUNNER


_____*/s/Sharon J. Brunner*_____

Sharon J. Brunner
Attorney for Plaintiff